CIRCUIT COURT OF THE CITY OF RICHMOND

Robert O. Smith, an infant,
who sues by and through his mother
and next friend, Jane B. Smith

v.

William M. Williams

July 17, 1979

Case No. B-1139

By JUDGE JAMES EDWARD SHEFFIELD

This matter is before the Court on defendant's motion to transfer this personal injury action to the Circuit Court of Henrico County for good cause pursuant to Code § 8.01-265.

Code § 8.01-265 provides in pertinent part as follows:

> In addition to the provisions of § 8.01-264 and notwithstanding the provisions of § 8.01-260, 8.01-261 and 8.01-264, the court wherein an action is commenced may, upon motion by any defendant and for good cause shown, transfer the action to any fair and convenient forum having jurisdiction within the Commonwealth, . . . Good cause shall be deemed to include, but not to be limited to, the agreement of the parties or the avoidance of inconvenience to the parties or the witnesses. (Emphasis added)

Defendant has moved the Court to transfer venue in the captioned case to the Circuit Court of Henrico and in doing so to establish a policy that good cause to transfer venue pursuant to Code § 8.01-265 is shown where the only nexus that a personal injury suit has with this Court is that the defendant's principal place of employment is located in the City of Richmond, Virginia. The defendant points out that according to the latest census figures, of the total work force in the counties of Henrico, Chesterfield and Hanover in the approximate amount of 115,000 approximately 64,000 are employed in the City of Richmond and that many of the adjacent and outlying counties near Richmond are actually "bedroom suburbs" for persons who earn their living in the City of Richmond, but who pay no taxes in the City of Richmond, but do so in the counties where they live. Therefore, the defendant urges inter alia, that this court should decide that such facts form the basis for a policy decision by this Court that it will not hear cases involving controversies between non-residents of the City of Richmond, where the operable facts involved in the controversy also occur outside of the City of Richmond; and where the only nexus with the City of Richmond, Virginia, is that it is the defendant's principal place of employment.

In the instant case, it is uncontroverted that the infant plaintiff, his mother and the next friend, and the defendant all reside in Henrico County; that the automobile accident is alleged to have occurred in Henrico County, near the residence of both parties and was investigated by a Henrico County policeman; and that the plaintiff's mother and the defendant both work in the City of Richmond, Virginia.

While the defendant is correct in its analysis that all of the operable facts and residence of parties, pertinent to the controversy involved here, are related to Henrico County, Virginia, it does not follow that such finding dictates the conclusion that good cause is shown to transfer venue to Henrico County pursuant to Code § 8.01-265.

While I do not agree with counsel for the plaintiff's argument that good cause to transfer venue pursuant to Code § 8.01-265 is limited to situations in which a party cannot obtain a fair trial, (for if that were so the General Assembly could easily have said so), I do not find that good cause exists here because the only nexus that the case has with Richmond, Virginia, is that the defendant's place of principal employment is Richmond, Virginia, and the fact that the plaintiff and the defendant are residents of Henrico and, like so many others in the work force of the City of Richmond, do not pay taxes in Richmond.

Code § 8.01-262(1) specifically authorizes venue "wherein the defendant . . . has his principal place of employment . . ."

To adopt the defendant's position, would in effect constitute a holding by this Court that while the location of the defendant's principal employment in the City of Richmond, Virginia, is sufficient to establish proper venue pursuant to Code § 8.01-262(1), if, however, no other nexus with Richmond is found, then good cause is shown to transfer the matter to a more appropriate forum.

The problem that I perceive with such a holding is that where venue lies is for the General Assembly to decide and does not exist by virtue of common law principles, but must be prescribed by statute. Here the General Assembly in Code § 8.01-262 has decided that proper venue may lie where the defendant has his principal place of employment, and it has not placed any nexus to the forum requirement upon it, and this Court has no jurisdiction to place any.

While it is true, that a court is empowered under Code § 8.01-265 to transfer venue for good cause shown, the circumstance relied upon to show good cause cannot be the same circumstance that the General Assembly has authorized as the basis for venue; viz., where the defendant's only connection with the forum is that his principal place of employment is located there.

Lastly, it appears to me that some guideline as to the nature of the circumstances in a given case that are to be properly taken into account under Code § 8.01-265 as good cause to transfer venue, other than agreement of the parties and inconvenience to the parties is indicated in Grinstead v. Carter, (March 22, 1979, from the Circuit Court of Pulaski County, and reported in the Newsletter of the Virginia Association of Defense Attorneys, June, 1979).

In Grinstead, the Honorable R. William Arthur of the Circuit Court of Pulaski County granted the defendant's motion to transfer a personal injury action to the Circuit Court of the City of Radford pursuant to Code § 8.01-265. Judge Arthur found that there was also pending in the Circuit Court of the City of Radford an action arising out of the same motor vehicle collision; that the legal issues were identical in both actions and that there was a distinct possibility of inconsistent results if the two actions were tried separately in different forums.

In Grinstead, the Court thus pronounced a policy decision that because of judicial economy and predictability of result, good cause was shown for the transference of venue; all matters within the sound discretion of the Court. Here, unlike in Grinstead, the policy decision that the defendant requests the Court to make is not one within the sound discretion of the Court and in addition, as discussed above, would have the practical effect of obviating one of the bases for venue that has been expressly authorized by the General Assembly.

For the foregoing reasons, the defendant's motion to transfer venue is denied.